# OSCN
## THE OKLAHOMA STATE COURTS NETWORK
www.oscn.net

Home   Courts   Court Dockets   Legal Research   Calendar   Help

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| PAT HARKER,<br>    Plaintiff, and<br>JERROD HART,<br>    Plaintiff,<br>v.<br>CITY OF TULSA,<br>    Defendant, and<br>FRATERNAL ORDER OF POLICE, LODGE 93,<br>    Defendant. | No. CJ-2013-4643<br>(Civil relief more than $10,000:<br>DENIAL OF DUE PROCESS)<br><br>Filed: 10/04/2013<br><br>Judge: Morrissey, Linda G. |

## Parties

CITY OF TULSA , Defendant
FRATERNAL ORDER OF POLICE, LODGE 93 , Defendant
HARKER, PAT , Plaintiff
HART, JERROD , Plaintiff

## Attorneys

**Attorney**
COULTER, JEAN WALPOLE(Bar # 9324)
406 SO. BOULDER, SUITE 712
TULSA, OK 74103

**Represented Parties**
HART, JERROD
HARKER, PAT

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: DENIAL OF DUE PROCESS (OTHER)
Filed by: HARKER, PAT
Filed Date: 10/04/2013

**Party Name:**   **Disposition Information:**

**Defendant:** CITY OF TULSA   Pending.

**Defendant:** FRATERNAL ORDER OF POLICE, LODGE 93   Pending.

**Issue # 1.**

Issue: DENIAL OF DUE PROCESS (OTHER)
Filed by: HART, JERROD
Filed Date: 10/04/2013

**Party Name:**   **Disposition Information:**


DEFENDANT'S EXHIBIT A

**Defendant:** CITY OF TULSA                                    Pending.

**Defendant:** FRATERNAL ORDER OF POLICE, LODGE   Pending.
93

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 10-04-2013 | TEXT | 1 | | 86945642 | Oct 4 2013 3:35:49:640PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 10-04-2013 | OTHER | - | | 86945644 | Oct 4 2013 3:35:49:690PM | Realized | $ 0.00 |
| | OTHER <..DESCRIPTION OF ACTION..> | | | | | | |
| 10-04-2013 | DMFE | - | | 86945645 | Oct 4 2013 3:35:49:720PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 10-04-2013 | PFE1 | - | | 86945646 | Oct 4 2013 4:18:42:530PM | Realized | $ 163.00 |
| | PETITION($ 163.00) <br> *Document Available (#1022969511)* | | | | | | |
| 10-04-2013 | PFE7 | - | | 86945647 | Oct 4 2013 3:35:49:720PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 10-04-2013 | OCISR | - | | 86945648 | Oct 4 2013 3:35:49:720PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 10-04-2013 | CCADMIN02 | - | | 86945649 | Oct 4 2013 3:35:49:720PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 10-04-2013 | OCJC | - | | 86945650 | Oct 4 2013 3:35:49:720PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 10-04-2013 | OCASA | - | | 86945651 | Oct 4 2013 3:35:49:720PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 10-04-2013 | CCADMIN04 | - | | 86945652 | Oct 4 2013 3:35:49:720PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 10-04-2013 | LTF | - | | 86945653 | Oct 4 2013 3:35:49:870PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 10-04-2013 | SMF | - | | 86945654 | Oct 4 2013 3:36:22:720PM | Realized | $ 10.00 |
| | SUMMONS FEE (CLERKS FEE)-2($ 10.00) | | | | | | |
| 10-04-2013 | SMIP | - | | 86945655 | Oct 4 2013 3:35:49:970PM | Realized | $ 0.00 |
| | SUMMONS ISSUED - PRIVATE PROCESS SERVER | | | | | | |
| 10-04-2013 | TEXT | - | | 86945643 | Oct 4 2013 3:35:49:660PM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE MORRISSEY, LINDA G. TO THIS CASE. | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 10-04-2013 ACCOUNT | - | 86945664 | Oct 4 2013 3:36:41:140PM | - | $ 0.00 |

RECEIPT # 2013-2697933 ON 10/04/2013.
PAYOR:JEAN WALPOLE TOTAL AMOUNT PAID: $223.70.
LINE ITEMS:
CJ-2013-4643: $173.00 ON AC01 CLERK FEES.
CJ-2013-4643: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2013-4643: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2013-4643: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2013-4643: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2013-4643: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2013-4643: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2013-4643: $10.00 ON AC81 LENGTHY TRIAL FUND.

Report Generated by The Oklahoma Court Information System at November 12, 2013 12:52 PM

End of Transmission.

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

PAT HARKER and JERROD HART, )
 )
    Plaintiffs, )
 )
vs. ) CJ-2013-04643
 )
CITY OF TULSA, an Oklahoma municipality, ) Linda Morrissey
and FRATERNAL ORDER OF POLICE, )
LODGE NO. Lodge 93, a fraternal organization,)
 )
    Defendants. )



## PETITION

Comes Now the Plaintiffs, Pat Harker and Jerrod Hart, and they do hereby set forth their claims for denial of due process and breach of contract against the Defendant, City of Tulsa, a municipality ("City"), and failure to represent against the Defendant Fraternal Order of Police, Lodge 93, a fraternal organization ("FOP"). In support of this Petition, the Plaintiffs would state the following:

### Jurisdiction

1. Jurisdiction is proper herein pursuant to the Oklahoma and United States Constitutions.

2. Venue is proper pursuant to 12 O.S. § 131, as all acts giving rise to the claims herein occurred in Tulsa County, State of Oklahoma.

### Parties

3. Pat Harker ("Harker") is a corporal with the Tulsa Police Department ("TPD").

4. Jerrod Hart ("Hart") is a corporal with the TPD.

5. City is an Oklahoma municipality which oversees the promotional process for the TPD.

6. FOP is the collective bargaining unit representing TPD officers in the enforcement of the Collective Bargaining Agreement (the "CBA") between the FOP and the City.

## Facts

7. In 2010, the FOP and the City entered into a Memorandum of Understanding ("MoU") agreeing the promotional examination process for TPD officers would be suspended because of, allegedly, the City's budgetary constraints and the creation of a new promotional process.

8. However, in late 2010, the FOP and City entered into another MoU recognizing TPD needed more corporals and sergeants and, therefore, agreeing to offer these promotional examinations outside the time frames established by City policies.

9. The MoU of late 2010 also provided the corporal and sergeant promotional exams would take place as soon as possible and that the 2010 promotional exams would return to the normal schedule set forth in the City policies.

10. Following the administration of a Sergeant's promotional exam, a Sergeant's Promotion Eligibility List was announced on April 13, 2011 (the "2011 Eligibility List"). Per City policy, the 2011 Eligibility List should have expired on March 31, 2012. However, the MoU provided the 2011 Eligibility List would be in effect for one year following its announcement date, or, in other words, April 12, 2012.

11. Despite the terms of the MoU in late 2010, no corporal's promotional exam was offered by the City in 2011.

12. The 2011 Eligibility List had thirty (30) individuals listed on it.

13. Typically, vacancies for five (5) to six (6) vacancies would be filled off of an eligibility list for Sergeants each year.

14. Fourteen (14) vacancies existed which were filled off of the 2011 Eligibility List before April 12, 2012.

15. According to City policy, the Sergeant's promotional exam is to be given during the month of April every year. Hence, the 2012 Sergeant's Promotional exam process should have been administered in April, 2012.

16. The 2012 Sergeant's Promotional Examination process did not commence until July 26, 2012, when the written portion of the examination was given to eligible TPD candidates.

17. Also in July, 2012, the City administered promotional exams for Captains and Majors for the first time since 2010. Promotions made from this testing were back dated to January 1, 2012, according to the MoU entered into by the City and the FOP on October 18, 2012 (the "Final MoU"). This Final MoU, however, was never approved by the membership of the FOP.

18. The second and third phases of the 2012 Sergeant's exam, the Assessment and Performance portions, were originally scheduled to be administered between August 27 and 31, 2012, but these portions of the Sergeant's exam were not given to eligible TPD candidates until the week of October 8, 2012.

19. Harker and Hart completed the 2012 Sergeant's Examination Process during the week of October 8, 2012.

20. As a result of the Captain and Major promotional examinations given in July, 2012, five (5) additional sergeant vacancies were created. Everyone anticipated these vacancies would be filled from the 2012 Eligibility List.

21. Throughout the summer of 2012, the City and the FOP negotiated the new promotional guidelines for TPD. Specifically, TPD officers would not be eligible beginning in 2012 to

sit for the Sergeant's examination unless they had ten (10) years on with TPD or had one (1) year in service as a Corporal. Previously, only five (5) years on with TPD were required to sit for the Sergeant's examination. Additionally, the City and the FOP were negotiating the terms of the Final MoU.

22. At all times, members of the FOP believed they would be able to vote on the terms of the Final MoU and the CBA which memorialized the terms of the new promotional guidelines. At no time, however, were the members of the FOP allowed to vote on either of these contracts.

23. On October 18, 2012, the Final MoU was executed by the City and the FOP. Additionally, the eligibility lists for Captains and Majors were announced. With the announcement of the Captains eligibility list, five (5) additional Sergeant vacancies were created within TPD. At all times, it was believed that these five vacancies would be filled from the 2012 Eligibility List.

24. However, because the Captains eligibility list was back dated to January 1, 2012, the City and the FOP filled these five additional Sergeant vacancies from the 2011 Eligibility List.

25. On October 23, 2012, the 2012 Eligibility List for Sergeants was published.

26. Harker ranked #4 on the 2012 Eligibility List and Hart was #5.

27. As a result of filling the five Sergeant vacancies created in October, 2012 when five Sergeants were promoted to Captain, 20 individuals were promoted to Sergeant from the 2011 Eligibility List.

28. As of November 1, 2012, only one TPD Sergeant's vacancy existed. Hence, the individual ranked #1 on the 2012 Eligibility List was promoted.

29. On information and belief, the individuals ranked # 2 and 3 on the 2012 Eligibility List paid monies to two Sergeants as incentive for them to retire, thus creating two additional Sergeant vacancies, which were filled by the candidates ranked # 2 and 3.

30. The 2012 Eligibility List expired on March 31, 2013.

31. Harker and Hart were not promoted to Sergeant before April 1, 2013.

32. The individuals promoted from the 2011 Eligibility List ranked # 15, 16, 17, 19 and 20.

33. City Policy 119.3.31 provides: "Unless the City and the bargaining unit agree as to a different schedule a promotional examination for the rank of Sergeant shall be given during the month of April every year...."

34. City Policy 119.5.51 provides: "Upon the completion of promotional examinations for the ranks of Corporal and Sergeant, lists of candidates eligible for promotion shall be prepared by the Human Resources Department. The list shall be compiled in rank order of finish and shall be expended in order .... The eligibility list for Sergeant shall expire on April 1 of the year following the official posting of the list by the Chief of Police .... Any decision to reject a candidate is subject to review using the grievance procedure outlined in Section 416 of this Manual."

35. City Policy 119.5.52 states: "Candidates on the eligibility list for Corporal and Sergeant **shall** be recommended by the Police Chief for promotion based on rank order of finish." [emphasis added.]

36. City Policy 119.5.521 states: "Any vacancy occurring up to, and on the expiration date of the eligibility list, shall be filled from the current eligibility list."

37. On October 30, 2012, Harker and Hart filed a grievance with the FOP when they learned the

2012 Eligibility List expired on March 31, 2013 and that individuals from the 2011 Eligibility List were being promoted on October 30, 2012 to Sergeant.

38. The FOP declined to hear the grievance filed by Harker and Hart.

39. On April 24, 2013, the City of Tulsa offered another Sergeant's promotion exam. Harker and Hart sat for this exam.

40. On April 19, 2013, Harker and Hart filed an Injunction seeking a Restraining Order against the City of Tulsa prohibiting it from offering the Sergeant's promotion exam on April 24, 2013. *Tulsa County District Court,* Case No. CV-2013-491.

41. On May 24, 2013, Judge Chappelle denied Harker's and Hart's Motion for Restraining Order.

### Count 1: Denial of Due Process as to City of Tulsa

42. All other paragraphs are incorporated herein.

43. Pursuant to City of Tulsa Personnel Policy No. 119.431, Harker and Hart could not be passed over for promotion to Sergeant by selecting candidates from the 2011 Eligibility List, which had expired, and who ranked lower than did Harker and Hart, without having "just cause" for doing so.

44. Harker and Hart had a property interest in their promotion to Sergeant when they were passed over and not promoted to Sergeant following the publication of the 2012 Eligibility List, in favor of individuals from the 2011 Eligibility List.

45. Harker and Hart were denied due process in violation of the Oklahoma and United States Constitutions when they were passed over for promotion in favor of lower ranked candidates from an expired list. Harker and Hart were not afforded an opportunity to be heard regarding

these promotions.

46. Harker and Hart were denied a full, fair, honest, and unbiased decision making process in the decision to deny their promotions to Sergeant in favor of lower ranked candidates from an expired list.

47. As a result of the denial of their due process rights, they have lost advancement in their careers, lost pay increases, lost beneficiary assignments within the department, lost increased benefits, and lost the prestige and respect which comes from these promotions. Additionally, they have had to expend legal fees, costs and expenses which should be reimbursed to them.

### Count 2: Breach of Contract as to the City of Tulsa

48. All other paragraphs are incorporated herein.

49. Pursuant to City of Tulsa Personnel Policy No. 119.431, Harker and Hart could not be passed over for promotion to Sergeant by selecting candidates from the 2011 Eligibility List, which had expired, and who ranked lower than did Harker and Hart.

50. The City of Tulsa breached its contract with Harker and Hart when when they were passed over and not promoted to Sergeant following the publication of the 2012 Eligibility List, in favor of individuals from the 2011 Eligibility List.

51. As a result of the denial of the breach of these contract rights, they have lost advancement in their careers, lost pay increases, lost beneficiary assignments within the department, lost increased benefits, and lost the prestige and respect which comes from these promotions. Additionally, they have had to expend legal fees, costs and expenses which should be reimbursed to them.

### Count 2: Failure to Represent as to the FOP

52. All other paragraphs are incorporated herein.

53. Harker and Hart learned others were being promoted off of the 2011 Promotional List on or about October 30, 2012.

54. Harker and Hart filed a grievance which was hand delivered to Clay Ballenger, the President of the FOP on October 30, 2012.

55. Harker and Hart received a letter from James Moore, the attorney for the FOP, advising them their grievance would not be heard as it was filed out of time.

56. Harker and Hart, pursuant to the provisions of 7.5 of the Collective Bargaining Agreement in effect between the City of Tulsa and the FOP, had 10 days to file their grievance after they knew they were being denied their promotions.

57. Harker and Hart filed their grievance within the applicable 10 day period.

58. The FOP has a duty to represent its members.

59. The FOP has a duty to represent its members equally.

60. The FOP failed to represent the interests of Harker and Hart when it failed to protect their due process rights and property rights associated with their promotions to Sergeant and declined to file their grievance.

61. As a result of the failure to represent them, they have lost advancement in their careers, lost pay increases, lost beneficiary assignments within the department, lost increased benefits, and lost the prestige and respect which comes from these promotions. Additionally, they have had to expend legal fees, costs and expenses which should be reimbursed to them.

## Damages

62. As a direct and proximate result of Defendants conduct, jointly and severally described

above, Harker and Hart will continue to suffer economic loss, pain of mind and body, emotional distress in an amount each in excess of $10,000.00, excluding interest costs and fees.

63. Wherefore, Premises Considered, Harker and Hart request that judgment be entered in their favor and against each Defendant in an amount each in excess of $10,000.00, together with interest costs, attorney fees, instatement to the position of Sergeant as of November 1, 2012, back pay and benefits to the position of Sergeant as of November 1, 2012.

Respectfully submitted,

Jean Walpole Coulter, OBA #9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
jeancoult@aol.com

Certificate of Service

I, Jean Walpole Coulter, do hereby state that I did cause true and correct copies of the foregoing to be faxed and mailed by first class mail, postage prepaid to the following individuals this _4_ day of October, 2013:

**VIA FACSIMILE 918-596-9700 and FIRST CLASS MAIL**
Mr. Gerry Bender
Legal Department
City of Tulsa
City Hall
175 East 2nd Street, Suite 690
Tulsa, OK 74103

**VIA FACSIMILE 405-843-9680 and FIRST CLASS MAIL**
Mr. James Moore
Attorney at Law
301 NW 63rd Ste 550
Oklahoma City, OK 73116

*Jean Walpole Coulter*
Jean Walpole Coulter

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

PAT HARKER and JERROD HART )
)
)
Plaintiffs, )
)
vs. ) CJ-2013-04643
)
CITY OF TULSA, an Oklahoma )
municipality and FRATERNAL )
ORDER OF POLICE, LODGE NO. )
Lodge 93, a fraternal organization )
Defendant. )

**SUMMONS**

To the above-named Defendant:

You have been sued by the above-named plaintiffs, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the date of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this __4__ day of October, 2013.

SALLY HOWE SMITH, Court Clerk

By: _____
Deputy Court Clerk

Attorney for Plaintiff:
Jean Walpole Coulter, OBA #9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
jeancoult@aol.com

```
```
This summons was served on _____
                              (date of service)

_____
Signature of person serving summons

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following named defendants at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of Ocotber, 2013, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| | | |
| | | |
| | | |

By: _____