IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PAT HARKER, and )
JERROD HART, )
                                          )
                Plaintiffs, )
                                          )
v. )          No. 13-CV-740-TCK-TLW
                                          )
CITY OF TULSA, and )
FRATERNAL ORDER OF POLICE, )
LODGE NO. 93, )
                Defendants. )

## OPINION AND ORDER

Before the Court is Defendant Fraternal Order of Police's Motion to Dismiss (Doc. 30), wherein the Fraternal Order of Police Lodge No. 93 ("FOP") seeks dismissal of Plaintiffs' claim against it.

**I.    Factual Background**

On April 1, 2014, the Court granted summary judgment to Defendant the City of Tulsa ("City") and dismissed it from the lawsuit. The Court held that the City did not breach any contract with Plaintiffs and did not violate Plaintiffs' procedural due process rights.[1] Plaintiffs had also asserted a "failure to represent" claim against the FOP. However, when the Court entered its Summary Judgment Order, Plaintiffs had not served the FOP. The FOP has now been served and seeks dismissal of the "failure to represent" claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). The FOP argues, *inter alia*, that such claim is barred by the statute of limitations.[2]

---

[1] The facts set forth in the Court's prior Opinion and Order ("Summary Judgment Order") (Doc. 19) are incorporated herein by reference and will not be repeated.

[2] Because the Court agrees that the failure to represent claim against the FOP is barred by the statute of limitations, the Court does not reach the FOP's remaining arguments.

## II.     Discussion

The parties agree that Plaintiffs' lawsuit is a "hybrid" action alleging breach of contract against their employer, the City, and breach of the duty of fair representation against their collective bargaining agent, the FOP. *See DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 164 (1983) (explaining that hybrid cases consist of two separate causes of action and that the "suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act"). The Supreme Court has established a six-month statute of limitations for a claim asserting breach of the union's duty of fair representation. *Id.* at 172.

Plaintiffs allege that they hand-delivered a grievance to the FOP on October 30, 2012. (Pet. ¶ 54.) On November 14, 2012, Plaintiffs received "a letter from James Moore, the attorney for the FOP, advising them their grievance would not be heard as it was filed out of time." (*Id.* ¶ 55.)[3] Plaintiffs further allege that the FOP "failed to represent the interests of [Plaintiffs] when it failed to protect their due process rights associated with their promotions to Sergeant and declined to file their grievance." (*Id.* ¶ 60.) This action was filed on October 14, 2013, more than six months after Plaintiffs learned that the FOP would not represent them in their quest for promotions. Therefore, the action was untimely and is barred by the applicable statute of limitations.

---

[3] In their Petition, Plaintiffs did not allege when the letter was written. However, the letter is part of the record as Exhibit F to the City's motion to dismiss and/or for summary judgment. Because it is referenced in the Petition, it is central to Plaintiffs' claims, and Plaintiffs have not challenged its authenticity, it may be considered without converting the motion to one for summary judgment. *See Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014). If and to the extent necessary, the Court finds it proper to convert the motion to one for summary judgment. Plaintiffs will not suffer hardship as this letter was already before the Court in the briefing on the City's motion, and Plaintiffs have not disputed the date they received the letter from the FOP.

Plaintiffs argue that the clock began running on the "last day the FOP could have filed a grievance on their behalf," which was April 10, 2013, rather than from the date of the FOP's written rejection on November 14, 2012. The Court rejects Plaintiffs' argument for two reasons. First, the November 14, 2012 letter sets forth a clear decision, supported by reasoning and explanation, not to represent Plaintiffs with respect to their grievance submitted on October 30, 2012. In their Petition, Plaintiffs expressly reference the November 14, 2012 letter as giving rise to the failure to represent claim. Plaintiffs therefore had unequivocal notice on November 14, 2012 that the FOP refused to file the grievance forming the basis of this lawsuit. Second, there are no allegations, inferences, or other indications that Plaintiffs submitted any subsequent grievances or requests to the FOP. Plaintiffs' argument that the statute of limitations did not commence until the last possible day for filing a grievance is unpersuasive because a final decision had been made on Plaintiffs' grievance and there were no other pending requests.

III. Conclusion

Defendant Fraternal Order of Police's Motion to Dismiss (Doc. 30) is GRANTED.

**SO ORDERED** this 2nd day of February, 2015.

TERENCE C. KERN
United States District Judge