# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAT HARKER, ) | |
| JERROD HART, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 13-CV-740-TCK-TLW |
| ) | |
| CITY OF TULSA, ) | |
| FRATERNAL ORDER OF POLICE, ) | |
| LODGE NO. 93, ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Defendant Fraternal Order of Police's Motion for Attorney Fees (Doc. 36), which requests fees pursuant to 28 U.S.C. § 1927 and Okla. Stat. tit. 12, § 2011.1.

## I. Background

Plaintiffs commenced this action in state court on October 4, 2013, and it was subsequently removed to this Court. On April 1, 2014, the Court entered an Opinion and Order granting summary judgment in favor of Defendant the City of Tulsa ("City"). The Court stated:

> Plaintiffs have also asserted a claim against the FOP. The FOP has not filed an answer or otherwise responded to the Complaint, and it is unclear whether the FOP has been served with process. Plaintiffs are ordered to file a status report regarding their remaining claim against the FOP no later than five days from entry of this Order.

(Doc. 19 at 6.) On April 7, 2014, the Court first issued a summons to Defendant Fraternal Order of Police ("FOP"). Plaintiffs did not serve this summons until August 5, 2014. By letter dated April 10, 2014, counsel for FOP, James Moore ("Moore"), offered to accept service on the condition that Plaintiffs immediately dismiss FOP, thereby enabling Plaintiffs to appeal the judgment entered in favor of the City. Moore stated:

> Because the Plaintiffs did not issue summons within the 180-day period under State law or the 120-day period under the Federal rules, I am confident the Court would dismiss upon our motion. I am writing to seek to avoid the cost of the motion practice to get to that point. If you disagree and force us to pursue dismissal, I will seek fees for the unnecessary work to get the matter dismissed.

(Mot. for Fees, Ex. 1.) Plaintiffs' lawyer, Jean Walpole Coulter ("Coulter"), did not respond. Coulter did not respond. On August 5, 2014, the parties filed a Joint Status Report as ordered by the Court. On August 7, 2014, Moore sent Coulter a second letter stating: "I am asking you again to dismiss the case for a reason you are probably aware of by now, the statute of limitations has long passed. As you know, the statute of limitations for a duty of fair representation claim is 6 months." (*Id.*) The letter again stated that, if the matter was not dismissed, Moore would seek attorney fees if forced to file a motion to dismiss. Again, Coulter did not respond.

On August 22, 2014, FOP filed a motion to dismiss, arguing, *inter alia*, that the six-month statute of limitations had expired.[1] Coulter filed a response, and FOP filed a reply. In a three-page Opinion and Order, the Court held that the statute of limitations had indeed expired on Plaintiffs' claim against FOP:

> This action was filed on October 14, 2013, more than six months after Plaintiffs learned that the FOP would not represent them in their quest for promotions. Therefore, the action was untimely and is barred by the applicable statute of limitations. Plaintiffs argue that the clock began running on the "last day the FOP could have filed a grievance on their behalf," which was April 10, 2013, rather than from the date of the FOP's written rejection on November 14, 2012. The Court rejects Plaintiffs' argument for two reasons. First, the November 14, 2012 letter sets forth a clear decision, supported by reasoning and explanation, not to represent Plaintiffs with respect to their grievance submitted on October 30, 2012. In their Petition, Plaintiffs expressly reference the November 14, 2012 letter as giving rise to the failure to represent claim. Plaintiffs therefore had unequivocal notice on November 14, 2012 that the FOP refused to file the grievance forming the basis of this lawsuit. Second, there are no allegations, inferences, or other indications that Plaintiffs submitted any subsequent grievances or requests to the FOP. Plaintiffs'

---

[1] FOP did not raise untimeliness of service as a basis for dismissal.

argument that the statute of limitations did not commence until the last possible day for filing a grievance is unpersuasive because a final decision had been made on Plaintiffs' grievance and there were no other pending requests.

(Doc. 34 at 2-3.)[2]

As warned in Moore's letters, FOP sought attorney fees following this Court's dismissal and entry of judgment in its favor. FOP seeks attorney fees in the amount of $13,322.00, which represents the amount of time spent by FOP's counsel from April 1, 2014 to the date the FOP filed its reply in support of its motion for fees.

## II. Fee Awards Under 28 U.S.C. § 1927

This statute provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In the Tenth Circuit, the imposition of fees under this statute does not require a finding of bad faith. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008). Instead, conduct is sanctionable if, viewed objectively, it manifests either intentional or reckless disregard of the attorney's duties to the court. *Id.* The Tenth Circuit has further explained:

> [S]anctions are not reserved for the worst offenders. This is particularly true of sanctions under § 1927, which, as we explain below, are levied to compensate the victims of dilatory practices, not as a means of punishment. For this reason, finding a protracted course of vexatious conduct is unnecessary. The mere imposition of a sanction under this section does not, without more, necessarily reflect on the moral character of the offender. Sanctions may be appropriate, rather, in response to "objectively unreasonable" conduct. Where, "pure heart" notwithstanding, an attorney's momentarily "empty head" results in an objectively vexatious and unreasonable multiplication of proceedings at expense to his opponent, the court may hold the attorney personally responsible.

---

[2] Both of the Court's substantive opinions (Docs. 19 & 34) are incorporated herein by reference, and this Order assumes general familiarity with them.

*Id.* at 1203 (citation omitted). Sanctions under § 1927 may be sought against an attorney after final judgment has been entered because "it may become apparent only at or after the litigation's end" that sanctions are appropriate. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006) (rejecting contrary rule in Third Circuit that § 1927 becomes inoperable after disposition of a case).

## III. Findings Supporting Sanction

The Court finds sanctions against Coulter appropriate under 28 U.S.C. § 1927. Although FOP was named as a Defendant, Coulter initially prosecuted the case solely against the City and sought injunctive relief only against the City. While her motion for injunctive relief against the City was pending, Coulter allowed the time for serving FOP to lapse. She served FOP with process only after this Court granted judgment in favor of the City and inquired as to the status of claims against FOP. Moore, in an attempt to be cooperative and avoid having to file a motion to dismiss, informed Coulter that it would accept untimely service if Plaintiffs would agree to dismiss it, such that Plaintiffs could receive a final judgment and file an appeal. Moore sent a second letter addressing other reasons that prosecution of Plaintiffs' claim against FOP would be meritless, including that the six-month statute of limitations on Plaintiffs' failure to represent claim had expired. This letter set forth the precise factual basis and argument ultimately adopted by the Court in granting FOP's motion to dismiss. Coulter failed to respond to either letter, forcing FOP to file a motion to dismiss, and requiring this Court to address FOP's motion prior to entering any final judgment.[3]

Although Coulter responded to FOP's motion to dismiss, her arguments were frivolous, lacking in merit, and objectively unreasonable. Her only argument was that the statute of limitations did not start running until the last possible day FOP could have filed a grievance on Plaintiffs'

---

[3] FOP did not raise untimeliness of service as grounds for dismissal.

4

behalf. This argument was not supported by Plaintiffs' own allegations in the Complaint, which expressly referenced the November 14, 2012 letter as the specific denial giving rise to her claim against FOP. Notwithstanding this glaring contradiction between the facts pled and the "last possible date" argument, Coulter still may have had a reasonable basis for her argument had there been a second outstanding request for FOP to file a grievance, such that Plaintiffs possibly suffered some second harm on April 10, 2013 (based on FOP's inaction). But no such facts were pled or even argued. As the record stood, FOP clearly made its decision in November, Plaintiff cited the November decision in her Complaint, no additional requests to file a grievance were made, and there was no additional harm suffered after the November denial. Coulter had no objectively reasonable basis for opposing FOP's motion to dismiss.

Standing alone, an unreasonable argument in response to a motion to dismiss may not cause the Court to enter sanctions under § 1927. However, Coulter's conduct becomes more vexatious and unreasonable in light of: (1) her initial failure to timely serve FOP; (2) Moore's attempts to avoid having to file the motion to dismiss; (3) Moore's detailed explanation of the facts and law – the same facts and law ultimately relied upon by this Court for dismissal – to which Coulter had no colorable response; and (4) Coulter's failure to respond or communicate with Moore as to why she believed her claim against FOP could proceed. Viewed objectively, Coulter's conduct resulted in vexatious and unreasonable multiplication of proceedings at expense to her opponent, and the Court therefore finds it appropriate to hold Coulter personally responsible for forcing FOP to file a motion to dismiss and forcing this Court to rule upon the motion.

**IV.     Amount of Fee Award**

FOP seeks fees in the total amount of $13,322.00, which includes all time spent after the City was dismissed. The fee application is supported by Moore's affidavits and time records for himself, Douglas Vernier, and Jessica Forgue. Coulter has not objected to the reasonableness of hourly rates or amount of time spent.

The Court finds that sanctions are appropriate only for time spent by FOP's counsel on the motion to dismiss and motion for attorneys' fees, rather than for all time spent following the Court's entry of summary judgment in favor of the City. It is the express warning provided in Moore's letters and the absence of any colorable basis for objecting to the motion to dismiss that renders sanctions appropriate. The sanction award is therefore limited to time entries dated Sunday, August 17, 2014 though March 17, 2015. The Court further finds the requested rates – $250.00 hour for Moore and Vernier and $85.00 for Forgue – to be reasonable and similar to fees sought by Oklahoma practitioners in comparable matters. Applying these rates to these entries, the Court imposes sanctions against Coulter in the total amount of $10,775.50, comprised of $7,525 incurred by Moore, $1,525 incurred by Vernier, and $1,725.50 incurred by Forgue.

**V.     Conclusion**

FOP's motion for fees (Doc. 36) is GRANTED in the total amount of $10,775.50 pursuant to 28 U.S.C. § 1927. This fee award is imposed as a sanction against Coulter, and the Court shall enter a separate judgment.

**SO ORDERED** this 9th day of July, 2015.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**